HALL, Justice.
This is a venue case involving Exception 9a of article 1995, Vernon’s Tex.Civ.St.
Plaintiff Fayette County, Texas, filed this suit in Fayette County against defendant Mo Vac Service Company for damages to a bridge owned and maintained by plaintiff on a county road which collapsed while defendant’s truck was crossing the bridge. Plaintiff alleged that defendant’s driver “knew or by the exercise of ordinary care should have known that such bridge would not support the weight of the said truck, thereby causing said bridge to collapse and thereby destroying such bridge.”
Defendant filed its plea of privilege to be sued in Hidalgo County, the county of its *461 residence. Plaintiff controverted the plea of privilege on the ground that venue was proper in the county of suit under the provisions of Exception 9a of the venue statute. After a hearing without a jury, the trial court overruled the plea of privilege. Defendant brought this appeal. We reverse the judgment.
Exception 9a of the venue statute permits a suit for damages caused by the negligent act or omission of the defendant to be maintained in the county where the negligence occurred. In its single point of error defendant asserts plaintiff “did not prove by preponderance of the evidence” the required element of negligence by defendant.
The bridge in question spanned Dogwood Creek on County Road 180 in Fayette County. Plaintiff’s county commissioner, the only witness, testified that it was “just a country bridge,” at least 57 years old, that “looked like it was in fair condition.” It collapsed when defendant’s tank truck was crossing it with a load of water. By ordinance, plaintiff had set the gross load limit on its roads and bridges to be 48,000 pounds. Defendant’s loaded truck weighed substantially more than 48,000 pounds. A load limit sign was placed at each end of County Road 180, but on the occasion in question defendant’s driver could have taken a route onto County Road 180 and to the bridge without passing a sign showing the permissible load weight. No evidence was introduced showing the driver’s actual route. There was no load limit sign at the bridge. There was no evidence that the driver was familiar with the bridge or the load limit, or that he had any knowledge that the bridge would not support the truck, or that he drove over the bridge in other than a normal manner.
Defendant’s point of error is sustained. The judgment is reversed, and this cause is remanded for another trial.